UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAYA GRIFFIN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18 CV 7351 |
| | ) |
| STERICYCLE, INC. | ) |
| | ) |
| **Defendant.** | ) |

**AMENDED COMPLAINT**

Plaintiff, Laya Griffin, ("Griffin" or "Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, Stericycle, Inc. ("Defendant"), states as follows:

**NATURE OF ACTION**

1. This is an action under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.,* as amended ("Title VII"), for Defendant having discriminated against Plaintiff on the basis of her race and retaliated against her for complaints of the same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon the Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1343.

3. Venue for this action is proper in the United States District Court for the Central District of Illinois, under 28 U.S.C. § 1391(b)(1)-(2) and (d), because the employment practices hereafter alleged to be unlawful were committed in the Central District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

## PARTIES

4. Plaintiff is an adult African-American resident of Hanover Park, DuPage County, State of Illinois.

5. Defendant is a foreign corporation organized under the laws of the State of Delaware doing business in Illinois.

6. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the Title VII, 42 U.S.C. § 2000e(b).

7. At all times relevant to the allegations herein, Plaintiff was an employee as that term is defined under the Title VII, 42 U.S.C. § 2000e(f).

## FACTUAL ALLEGATIONS

8. Plaintiff was assigned to work for Defendant as a Senior AP Representative in or around September of 2016 by a staffing company.

9. Plaintiff accepted the assignment based upon the representation of Defendant's AP Supervisor, Adia Hannah, that the plan was to hire her full time at some point.

10. At all times relevant to the allegations herein, Defendant's agents had ultimate control and supervision over Plaintiff's day to day job duties and she worked on premises that was owned/leased by Defendant.

11. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of Defendant.

12. In or around October of 2016, Ms. Hannah placed Plaintiff on a TEM project which she performed very well in.

13. In or around January of 2017, Andrew Adam became the Director of IT Vendor and Contract Management.

14. In or around February of 2017, Plaintiff was promoted to a position within the IT

Vendor and Contract Management Department, at which point Mr. Adam became Plaintiff's direct supervisor.

15. At the time that Plaintiff accepted the new position, she explained to Mr. Adam her expectation was that she would be hired full time by Defendant at some point and asked whether she could still expect the same if she transferred to his team, which Mr. Adam responded by stating that Defendant had already started on working on a hiring package for her.

16. In July of 2017, Mr. Adam hired Sheryl Rogers (Caucasian) onto his team as a Manager of IT Planning, which was a position that Plaintiff was qualified for and that she should have been received, especially in light of the fact that she was already familiar with Defendant's systems and processes.

17. Mr. Adam then asked Plaintiff to train Ms. Rogers on all of Plaintiff's duties and processes.

18. After training Ms. Rogers, Mr. Adam began to pull some of Plaintiff's duties and assign them to Ms. Rogers.

19. He also began to largely ignore Plaintiff, unfairly criticize her work, fail to provide Plaintiff with proper instruction and guidance, and also told her on one occasion that she was on the bottom of his priority list.

20. Also, Plaintiff's lost possession of her car in or around August/September of 2017, causing her to have to take two trains and an Uber to get to and from Defendant's Lake Forest location and her home in Hanover Park, a commute that was 2 hours each way.

21. Plaintiff asked Mr. Adam to allow her to work from Defendant's Chicago office location, which would have dramatically reduced her commute time, which he refused.

22. Mr. Adam allowed Ms. Rogers, on the other hand, to work from the Chicago

office as that was more convenient for her.

23. On November 21, 2017, Plaintiff complained to Defendant's HR Department via email about the treatment she was receiving from Mr. Adam and explicitly stated that she felt the difference in treatment was because of her race.

24. On November 22, 2017, Plaintiff worked from home due to illness. On that day, Mr. Adam told her to logoff of Defendant's system and not to log back on until she returned to work.

25. On November 23, 2017, Plaintiff was advised that she was terminated from employment.

26. Defendant was clearly not intending to terminate her prior to November 21, 2017, as Mr. Adam had sent an email on November 2, 2016, indicating that he had directed one of Plaintiff's coworkers to order her a new computer, keyboard, and monitor.

27. Plaintiff filed an EEOC charge against Defendant alleging that she had been subjected to race discrimination and retaliation during her employment (*see* Exhibit A) and the EEOC subsequently issued her a notice of her right to sue on or around August 7, 2018 (*see* Exhibit B).

## COUNT I
## (TITLE VII RACE DISCRIMINATION)

28. Plaintiff re-alleges paragraphs 1 through 27 and incorporates them as if fully set forth herein.

29. Title VII, 42 U.S.C. §2000e-2(a)(1), makes it unlawful for an employer to discriminate against any employee based upon his or her race.

30. By its conduct alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it failed to hire her for a full time position in favor of a White employee

who had no experience with Defendant and when it terminated her employment.

31. Defendant's conduct toward Plaintiff was committed with malice and illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race.

32. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Order Defendant to reinstate Plaintiff, or in the alternative, award her front pay;

c) Award Plaintiff compensatory damages for emotional distress;

d) Award Plaintiff punitive damages due to Defendant's malicious and willful conduct;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

### COUNT II
### (SECTION 1981 RACE DISCRIMINATION)

33. Plaintiff re-alleges paragraphs 1 through 27 and incorporates them as if fully set forth herein.

34. Section 1981, 42 U.S.C. § 1981(a), makes it unlawful for an employer to discriminate against any employee based upon his or her race in the making, performing, modifying, and termination of contracts, including employment contracts.

35. By its conduct alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it failed to hire her for a full time position in favor of a White employee

who had no experience with Defendant and when it terminated her employment.

36. Defendant's conduct toward Plaintiff was committed with malice and illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race.

37. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT II

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Order Defendant to reinstate Plaintiff, or in the alternative, award her front pay;

c) Award Plaintiff compensatory damages for emotional distress;

d) Award Plaintiff punitive damages due to Defendant's malicious and willful conduct;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

### COUNT III
### (TITLE VII RETALIATION)

38. Plaintiff re-alleges paragraphs 1 through 27 and incorporates them as if fully set forth herein.

39. Title VII, 42 U.S.C. §2000e-3, makes it unlawful for an employer to retaliate against any employee for opposing employment discrimination that is prohibited by Title VII.

40. By its conduct alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it terminated her from employment.

41. Defendant's conduct toward Plaintiff was committed with malice and illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon

race.

42. Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT III

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Order Defendant to reinstate Plaintiff, or in the alternative, award her front pay;

c) Award Plaintiff compensatory damages for emotional distress;

d) Award Plaintiff punitive damages due to Defendant's malicious and willful conduct;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

## COUNT IV
### (SECTION 1981 RETALIATION)

43. Plaintiff re-alleges paragraphs 1 through 14 and incorporates them as if fully set forth herein.

44. Section 1981, 42 U.S.C. § 1981(a), makes it unlawful for an employer to discriminate against any employee based upon his or her race in the making, performing, modifying, and termination of contracts, including employment contracts.

45. Courts have interpreted Section 1981 as prohibiting employers for retaliating against an employee who makes an internal complaint of race discrimination.

46. By its conduct alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it terminated her from employment.

47. Defendant's conduct toward Plaintiff was committed with malice and illustrated a

willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon race.

48. Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT IV

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Order Defendant to reinstate Plaintiff, or in the alternative, award her front pay;

c) Award Plaintiff compensatory damages for emotional distress;

d) Award Plaintiff punitive damages due to Defendant's malicious and willful conduct;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any and all other relief as the Court deems just in the premises.

Respectfully submitted:

LAYA GRIFFIN

By: /s/ Michael T. Smith
One of Plaintiff's Attorneys

Michael T. Smith (ARDC No. 6180407)
**MICHAEL T. SMITH & ASSOCIATES**
10 N. Martingale Road, Suite 400
Schaumburg, Illinois 60173
Telephone: 847.895.0626
*msmith39950@aol.com*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAYA GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 18 CV 7351** |
| | ) | |
| **STERICYCLE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**AMENDED COMPLAINT**

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2018-01141 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Laya Griffin | | 1983 |

Street Address: ███ Hanover, IL 60133

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STERICYCLE | 500 or More | (844) 276-3147 |

Street Address: 222 Riverside Plaza #1950, Chicago, IL 60606

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-2016   Latest: 11-22-2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was assigned to Respondent in or around September 2016 through a temporary staffing agency. During my assignment, I was subjected to intimidation, demeaning comments and behavior, and exclusion. I was also not hired for a permanent position. I complained to Respondent and was terminated the next day.

I believe I have been discriminated against because of my race and sex, Black female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JAN 24 2018
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 24, 2018
Date — Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAYA GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18 CV 7351 |
| | ) | |
| **STERICYCLE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**AMENDED COMPLAINT**</u>

# EXHIBIT B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

| | |
|---|---|
| To: Laya Griffin<br>2201 Gallant Fox Circle<br>Montgomery, IL 60538 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-01141 | Janel Smith, Investigator | (312) 869-8136 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____      8/1/18
Julianne Bowman,                     (Date Mailed)
District Director

Enclosures(s)

cc: STERICYCLE, INC.
c/o Dawn Blume
Assistant General Counsel, Labor & Relations
4010 Commercial Drive
Northbrook, IL 60062